United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

NORMAN CLANCY,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, et al.,

Defendants.

Case No. 20-cv-08668-BLF

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

[Re: ECF No. 10]

Before the Court is Defendants Allstate Insurance Company, Robert Koban, and Roland Brenes' ("Defendants") Motion to Dismiss. ECF No. 10 ("Motion"). Defendants argue that the Complaint should be dismissed for insufficient process, improper and untimely service of process, and lack of personal jurisdiction. *Id.* Plaintiff opposes, arguing that Defendants received notice of the lawsuit and failed to raise the issue with Plaintiff through meet-and-confer. ECF No. 20 ("Opp."). The Court previously found this Motion suitable for disposition without oral argument. ECF No. 24. For the following reasons, the Court GRANTS the Motion WITH LEAVE TO AMEND.

## I. BACKGROUND

Plaintiff Norman Clancy alleges that around January 13, 2019, his home was destroyed by a flood. ECF No. 1 ("Compl.") ¶ 4. Plaintiff alleges that he had a home insurance policy from Allstate, and that he notified Allstate immediately following the flood that destroyed his home. *Id.* ¶¶ 4, 9. He claims that Allstate sent insurance adjustors to assess the damage, and that Allstate offered to pay $149,000. *Id.* ¶¶ 10-12. Plaintiff alleges that this was far less than the value of the actual damage that the house sustained. *Id.* ¶ 13. Plaintiff brings seven causes of action against

Allstate and two of its agents, although the names of the two agents appear nowhere in the Complaint other than the caption pages. *Id.* ¶¶ 15-37. Plaintiff seeks "full insurance coverage" for the damage to his home, which he alleges is $1 million; additional damages; expenses; and declaratory relief. *Id.* at "Prayer for Relief".

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Plaintiff has the burden to prove proper process and service of process. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Where process or service of process is challenged, the court may consider affidavits, depositions, or oral testimony submitted by the parties without converting a motion to dismiss to a motion for summary judgment. *See SGS-Thomson Microelectronics, Inc. United Microelectronics Corp.*, No. 92-cv-1098-DLJ, 1993 WL 299230, at *2 (N.D. Cal. July 21, 1993).

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) provide two avenues for challenging different elements of process. Rule 12(b)(4) motions assert a defect in the form of the summons itself resulting from noncompliance with Rule 4(b). *Ballon v. Law Offices of Robin W. Enos*, No. 06-cv-0074-IEG, 2007 WL 8455278, at *2 (S.D. Cal. Dec. 6, 2006). Motions to dismiss under Rule 12(b)(4) are disfavored, as most defects in the form of summons are "technical in nature" and do not prejudice the defendants. *Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Cal. 1989). "[F]ailure to serve defendant with a signed and sealed summons," however, "cannot be regarded as a mere oversight that warrants perfunctory amendment" of process and is grounds for dismissal. *United States v. Nat'l Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989); *see also Ballon*, 2006 WL 8455278, at *3 (dismissing for failing to use a signed and sealed summons); *Macaluso v. N.Y. State Dep't of Env't. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) (same).

Rule 12(b)(5) motions attack service of process, or the method through which defendants are served with the summons, as non-compliant with Rule 4(d)-(m). *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). Non-compliant service of process is grounds for dismissal

or quashing service of process. *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

**B. Federal Rule of Civil Procedure 12(b)(2)**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[T]he district court applies the law of the state in which the district court sits."). California's long-arm statute is coextensive with federal due process requirements. *Schwarzenegger*, 374 F.3d at 800-01. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden*, 571 U.S. at 283. "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A federal district court may exercise either general or specific personal jurisdiction over a nonresident defendant. *Daimler*, 571 U.S. at 126-27. General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 127 (internal quotation marks and citation omitted). A nonresident that is subject to the court's general jurisdiction may be sued for claims "arising from dealings entirely distinct" from the forum-related activities. *Id.* (internal quotation marks and citation omitted). In contrast, specific jurisdiction exists when the defendant's contacts with the forum state are more limited, but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 126-127. A defendant's contacts with a resident of the forum state alone are insufficient to establish personal jurisdiction—to satisfy due process, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284.

**III. DISCUSSION**

Defendants argue that the Complaint should be dismissed for three reasons: (1) insufficient process; (2) insufficient and untimely service of process; and (3) lack of personal

jurisdiction. The Court evaluates each argument in turn.

**A. Process**

Defendants first assert that the Complaint must be dismissed because of insufficient process. Motion at 12. Defendants claim that Plaintiff sent them a summons that did not bear either the Clerk's signature or seal. *Id.* Indeed, the purportedly executed summons that Plaintiff filed on the docket shows that the summons for each defendant is undated and has neither a seal nor a signature. *See* ECF Nos. 9 (summons for Allstate); 9-1 (summons for Brenes); 9-2 (summons for Koban). Plaintiff does not respond to this argument.

The Court agrees with Defendants that process was insufficient and that it is grounds for dismissal. Minor, technical defects in a summons (such as a misspelling of a defendant's name) are not typically grounds for dismissal. *Crane*, 127 F.R.D. at 177. But failure to use a signed and sealed summons, as Plaintiff did here, represents a "flagrant disregard" for the requirements of Rule 4(a)-(b) and is grounds for dismissal. *Ballon*, 2006 WL 8455278, at *3 (citing cases).

If Plaintiff chooses to amend his Complaint, the Clerk will issue for each named defendant a summons that bears date and the Clerk's signature and seal. Plaintiff must serve those summonses as part of the package of materials that must be properly served on each defendant.

**B. Service of Process**

Defendants next argue that, even if process was sufficient, service of process was insufficient and untimely as to all three defendants. *See* Motion at 6-8. Defendants say that Plaintiff's service via regular mail to the three Defendants did not comply with Federal, New York, or California requirements. *Id.* They also argue that, even if there was a proper method of service, the service was untimely because it occurred more than 90 days after filing the Complaint. *Id.* at 8. Plaintiff claims that he "served Defendant[s] multiple times" and that Defendants are incorrectly claiming "that they did not receive a document." Opp. at 1. The Court agrees with Defendants that service of process was both insufficient and untimely.

**i. Method of Service**

Plaintiff's method of service—regular mail—was insufficient. A plaintiff is responsible for serving a copy of the summons and the Complaint on each defendant. Fed. R. Civ. P. 4(c).

Service on an individual in the United States may occur by (1) following state law for serving a summons for where the lawsuit is brought or where service is made—here, California or New York; or (2) by personal delivery, leaving a copy of required documents at the individual's residence with someone of suitable age and discretion who resides there, or delivering the required documents to an agent for service of process. Fed. R. Civ. P. 4(e). Service on a corporation in the United States may occur by one of those methods or by delivery to an officer, managing or general agent, or other agent for service of process. *Id.* R. 4(h). Because service via regular mail is not specifically allowed by the Federal Rules, the Court looks to the laws of New York (where service was purportedly made) and California (the state where this district court is located) to determine if mail service was made properly. *Id.* R. 4(e)(1).

The Court first analyzes service on Defendants Brenes and Koban, the individual defendants. New York law permits service of process on individuals by regular mail if accompanied by either (1) personal delivery to someone of suitable age and discretion at their place of residence, or (2) affixing the relevant papers to the door of the place of residence of the defendant. N.Y. C.P.L.R. 308(2), (4). New York also allows service by mail if the mailing is accompanied with the complaint, a form for acknowledgment of receipt, and a prepaid envelope addressed to the sender; service is complete only upon mailing of the signed acknowledgment by defendant back to plaintiff. *Id.* 312-A. California law also allows service by mail on individuals, but similarly requires inclusion of an acknowledgment of receipt, which must be returned by the defendant for service to be effective. Cal. Civ. Proc. Code § 415.30.

Service on the individuals was not effective under either state's law. Defendant Koban states that he no longer resides at the address to which Plaintiff claims to have mailed his (unsigned and unsealed) summons and that no mail is forwarded to him from that address anymore. ECF No. 12 ¶¶ 5-7. Defendant Brenes states that he received the mailing, but the mailing did not include a copy of the Complaint or a form for acknowledgment of receipt. ECF No. 13 ¶¶ 5-6; *see also* ECF Nos. 13-1 (envelope), 13-2 (unsigned summons and purported proof of service). Neither individual defendant returned a signed acknowledgment of receipt to Plaintiff either.

Service on Allstate was also improper. New York only allows for mail service on corporations by delivery to an agent for service of process or through the return of the signed acknowledgment of service discussed above. N.Y. C.P.L.R. 311, 312-A. California requires the same procedure for corporations as they do individuals, although service may be made on agents or certain officials in the corporation. Cal. Civ. Proc. Code §§ 415.30, 416.10.

Plaintiff claims to have served Allstate by delivery to the counsel who later appeared in this case. But service upon an attorney who is not authorized to accept service for a corporation is not effective, even if the attorney represented the corporation in previous matters. *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 3:10-cv-0541-GPC-WVG, 2013 WL 12064538, at *3 (S.D. Cal. Jan. 23, 2013) (citing cases). Defense counsel repeatedly made clear that they were not authorized to accept service on behalf of Allstate. *See* ECF No. 11 ¶ 4; *see also, e.g.*, ECF No. 11-1 ("As we have advised you on many previous occasions, our firm is not authorized to accept service [o]n behalf of Allstate.").

Accordingly, the method of service on all Defendants was improper.

**ii. Timeliness of Service**

Moreover, service on all defendants was also untimely. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days or face dismissal without prejudice. The purported proofs of service accompanying the unsigned and unsealed summons are all dated March 11, 2021, which is 94 days after the filing of the Complaint on December 7, 2020. *See* ECF No. 9. Additionally, the purported "Return of Service" documents that Plaintiff filed after briefing on this Motion was complete are also dated far after the 90-day period for service under Rule 4(m). *See* ECF No. 23. Service was thus also untimely, even if the method had been proper.

**C. Personal Jurisdiction**

Defendants also contest personal jurisdiction. *See* Motion at 8-10. Plaintiff responds that diversity jurisdiction exists because there is diverse citizenship and an amount-in-controversy of over $75,000. *See* Opp. Plaintiff conflates personal jurisdiction with subject matter jurisdiction, both of which must be satisfied for the Court to adjudicate this lawsuit. The Court will proceed to analyze whether there is personal jurisdiction over any of the defendants.

**iii. Allstate**

*a. General Jurisdiction*

General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (internal quotation marks and citation omitted). The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. *Id.* at 137. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Daimler*, 571 U.S. at 139 n.19).

Plaintiff does not allege Allstate's place of incorporation or principal place of business in his Complaint. He lists an address for Allstate in New York City, but that address is in fact the address of Allstate's counsel in this case. *Compare* Compl. at 2, *with* ECF 11-1 at 1. Plaintiff has provided no evidence to establish that Allstate's principal place of business or place of incorporation are in California, or that this is an "exceptional case" justifying general jurisdiction over Allstate. Accordingly, there is no general jurisdiction over Allstate in California.

*b. Specific Jurisdiction*

Specific jurisdiction exists when the defendant's contacts with the forum state are more limited, but the plaintiff's claims arise out of or relate to those contacts. *Daimler*, 571 U.S. at 126-127. A defendant's contacts with a resident of the forum state alone are insufficient to establish personal jurisdiction—to satisfy due process, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. The Ninth Circuit has established a three-prong test for whether a court can exercise specific personal jurisdiction over a non-resident defendant: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The

plaintiff bears the burden on the first two prongs. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation marks and citation omitted).

The Court need not analyze all three prongs because Plaintiff does not satisfy the first prong, and thus there is no specific personal jurisdiction over any defendant. "[A] showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 605 (9th Cir. 2018) (quotation marks and citation omitted). "By contrast, [a] showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* (quotation marks and citation omitted). "[A] purposeful availment analysis is most often used in suits sounding in contract, whereas a purposeful direction analysis is most often used in suits sounding in tort." *Id.* (quotation marks and citation omitted).

Plaintiff asserts both tort and contract claims, *see* Compl. ¶¶ 15-16 (breach of contract), 17-18 (negligent misrepresentation), but he satisfies neither the purposeful availment test nor the purposeful direction test as to Allstate. Plaintiff only alleges that Allstate is "an insurance company authorized to do and/or doing business in California, and subject to the jurisdiction of this Honorable Court." *Id.* ¶ 3. This conclusory statement is insufficient to establish specific personal jurisdiction. The house at the heart of this dispute is located in New York and was subject to an interpleader action in the Southern District of New York. *See* Compl. ¶ 4; *Allstate v. Clancy*, 7:20-cv-00855 (S.D.N.Y.). The insurance policy states that it is "issued in accordance with the laws of New York," governed by New York law, and has a forum selection clause specifying New York as the only forum for disputes about the policy. ECF No. 12-1 at 19. It appears that the only connection to California is that Plaintiff currently resides here. *See* Compl.

at 1. Although Plaintiff may have contacted Allstate from California, the personal jurisdiction analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* Because Plaintiff has not alleged that Allstate has engaged in any "suit-related conduct" in California, *id.* at 284, the Court does not possess specific personal jurisdiction over Allstate.

**iv. Koban and Brenes**

The analysis for Koban and Brenes is simpler. The only time their names appear in the Complaint is in the caption pages. *See* Compl. at 6. Plaintiff has not alleged that the Court has jurisdiction over Koban and Brenes, nor has he responded to Defendants' arguments and evidence challenging personal jurisdiction over them. *See* ECF Nos. 12 ¶ 3 (Koban: "I handle New York claims for Allstate and have no personal or professional contacts with California."); 13 ¶ 4 (Brenes: "I have no business or professional contacts to the State of California."). Because Plaintiff has not stated any allegations against Koban and Brenes, nor responded to the arguments and evidence offered by Defendants, the Court has no basis to conclude that it has personal jurisdiction over them. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) ("In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper."); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) ("A plaintiff may not simply rest on the 'bare allegations of [the] complaint.") (quoting *Schwarzenegger*, 374 F.3d at 800).

If Plaintiff chooses to file an amended complaint, he must provide allegations to support any legal claim against Koban and Brenes (including allegations in support of jurisdiction over them).

**v. Forum Selection Clause**

Although not before the Court for decision until proper service of the summons and Complaint have been accomplished, Defendants also point to the forum selection clause on page 6 of the insurance policy. ECF No. 12-1 at 19. That clause appears to require that suit be brought in New York. Plaintiff is advised to consider that provision in filing any amended complaint.

*Atlantic Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49 (2013).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff SHALL file an amended complaint within 14 days of this Order, if he is able to correct the defects outlined in this Order. If Plaintiff files an amended complaint, he SHALL properly serve the defendants named in that amended complaint within 30 days of filing the amended complaint. Failure to timely and properly serve defendants and file proofs of service will be grounds for dismissal.

**IT IS SO ORDERED.**

Dated: August 30, 2021

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California